**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Phone 503-847-4329

**Ron K. Cheng, OSB No. 142955**
ron@pickettdummigan.com
Phone 503-223-7770

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHELSEA VINCENZI** and **SARA HEGGIE**, individually and on behalf of other students,<br><br>Plaintiffs,<br><br>v.<br><br>**MARYLHURST UNIVERSITY**,<br><br>Defendant. | Case No. 3:18-cv-958<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>Unlawful Trade Practices<br><br>Demand for Jury Trial |

**CLASS ACTION COMPLAINT** – Page 1 of 15

1.

## INTRODUCTION

Chelsea Vincenzi and Sara Heggie file this class action on behalf of themselves, and hundreds of other students who would not have paid tuition in April 2018 had Marylhurst executives been honest with them about the university's crippling insolvency and pending closure.

2.

Chelsea Vincenzi and Sara Heggie call for a formal investigation into what Marylhurst executives knew about the university's crippling insolvency and when they knew it. They also seek an order preserving all student records and executive compensation reports, a refund of the April 2018 tuition Marylhurst collected under false pretenses, and any appropriate penalties.

3.

Marylhurst students interested in learning more about their legal options can visit MarylhurstStudents.com.

4.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1332(d)(2) because the tuition refunds and penalties sought in this case exceed $5 million, and because Marylhurst is a citizen of Oregon and at least one class member is a citizen of a different state.

5.

Marylhurst University (Marylhurst) is private Oregon university and a "person" as defined at ORS 646.605(4) that regularly advertises its educational services and regularly collects tuition from its students.

6.

Chelsea Vincenzi is an Oregon citizen and a Marylhurst student. Ms. Vincenzi would not have let Marylhurst collect tuition from her in April 2018 had Marylhurst been honest with her about its crippling insolvency and pending closure. Marylhurst's material omissions about its crippling insolvency and pending closure caused Ms. Vincenzi an ascertainable financial loss of her tuition payment that she otherwise would not have made. Ms. Vincenzi is a "person" as defined at ORS 646.605(4) who paid Marylhurst tuition for educational services that were obtained primarily for personal purposes.

7.

Sara Heggie is an Oregon citizen and a Marylhurst student. Ms. Heggie would not have let Marylhurst collect tuition from her in April 2018 had Marylhurst been honest with her about its crippling insolvency and pending closure. Marylhurst's material omissions about its insolvency and pending closure caused Ms. Heggie an ascertainable financial loss of her tuition payment that she otherwise would not have made. Ms. Heggie is a "person" as defined at ORS 646.605(4) who paid Marylhurst tuition for educational services that were obtained primarily for personal purposes.

8.

Venue is proper under 28 U.S.C. § 1391 because the behavior of Marylhurst's executives as alleged in this complaint took place in the Portland Metro Area.

9.

**FACTUAL ALLEGATIONS**

This complaint's allegations are based on personal knowledge as to plaintiffs' behavior and made on information and belief as to the behavior of others.

10.

At all times material, Marylhurst advertised itself to students as a premier university. Marylhurst promised its students an exceptional academic and social experience and represented to students that they would be able to complete their degrees at Marylhurst.

11.

However, by early 2018, Marylhurst executives had become aware of its crippling insolvency that the executives knew would require the imminent closure of the university. By March 2018, Marylhurst executives knew and should have known that the university was closing. Marylhurst executives knew and should have known that students who paid tuition in April 2018 would not be able to complete their educations as Marylhurst had previously advertised. Rather than being up front about its educational services as the law required, Marylhurst executives instead decided to mislead students, and falsely tell them that any problems had been solved.

12.

In and around April 2018, Marylhurst collected tuition from plaintiffs and hundreds of other students under false pretenses. Marylhurst intentionally did not disclose its crippling insolvency and intentionally did not disclose that it would be closing because Marylhurst knew that if it was honest with students, they would not have paid tuition in April 2018.

13.

On May 17, 2018, for the first time, and without warning, Marylhurst abruptly disclosed to its students that it was closing its doors. Marylhurst executives later admitted that they had been aware of its crippling insolvency and pending closure for some time.

14.

## CLASS ACTION ALLEGATIONS

Under FRCP 23, plaintiffs bring this action on behalf of themselves and all other similarly situated individual students. The class is initially defined as:

a) students who Marylhurst collected tuition from in April 2018,

b) who would not have paid tuition had Marylhurst been honest with them about its crippling insolvency and pending closure, and

c) who are now unable to graduate from Marylhurst.

15.

A class action is proper under FRCP 23(a) because based on enrollment statistics, the class consists of hundreds of individual students, and joinder of all members is impracticable. Each class member is easily identifiable based on Marylhurst's academic records and tuition ledgers. Excluded from the class are all attorneys for the class, executives of Marylhurst, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

16.

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, which predominate over any questions relating to individual class members, including but not limited to:

a) Whether Marylhurst's behavior as alleged in this complaint caused likelihood of confusion or of misunderstanding as to its ongoing certification and accreditation,

b) Whether Marylhurst's behavior as alleged in this complaint represented that its educational services had characteristics or qualities that its educational services did not have, either by its words or conduct, including, but not limited to, its failure to disclose the truth about its crippling insolvency and pending closure,

c) Whether Marylhurst's behavior as alleged in this complaint falsely represented that its educational services were of a particular quality, either by its words or conduct, including, but not limited to, its failure to disclose the truth about its crippling insolvency and pending closure,

d) Whether Marylhurst's behavior as alleged in this complaint advertised its educational services with the intent not to provide the educational services as advertised, either by its words or conduct, including, but not limited to, its failure to disclose the truth about its financial trouble and plans to close,

e) Whether Marylhurst's behavior as alleged in this complaint, concurrent with tender and delivery of its educational services, failed to disclose known material defects and material nonconformities, including, but not limited to, its failure to disclose the truth about its crippling insolvency and pending closure,

f) Whether Marylhurst behaved willfully, recklessly or maliciously, and

g) Whether Marylhurst's behavior as alleged in this complaint violated the Oregon Unlawful Trade Practices Act (UTPA).

17.

Plaintiffs' claims are typical of the claims of the class members, as they are based on the same factual circumstances, common representations, common omissions, and legal theories. Plaintiffs have no interests adverse to the class members.

18.

Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Plaintiffs have retained nationally known and locally respected counsel experienced in class action litigation to further ensure such representation and protection of the class. Plaintiffs and their counsel intend to prosecute this action vigorously and have the resources necessary to successfully try this case to judgment.

19.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class-wide adjudication, members of the class are without effective recourse. Few, if any, class members can afford to prosecute individual actions against Marylhurst. Absent class treatment, Marylhurst's alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally.

20.

A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of Marylhurst's behavior as alleged in this complaint predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings,

b) The common questions of law and fact described above predominate over questions affecting only individual members,

c) Individual class members would have little interest in controlling the prosecution of separate actions because of the expenses of litigation,

d) This is a desirable forum because this Court has significant experience managing class actions, and

e) A class action will be an efficient method of adjudicating the claims of the class members.

21.

## CLAIMS FOR RELIEF

### – Claim 1 for Violation of the UTPA –

As alleged in this complaint, Marylhurst caused likelihood of confusion or misunderstanding as to its ongoing certification and accreditation, Marylhurst represented that its educational services had characteristics or qualities that its educational services did not have, Marylhurst falsely represented that its educational services were of a particular quality, Marylhurst advertised its educational services with the intent not to provide the educational services as advertised, and Marylhurst, concurrent with tender and delivery of its educational services, failed to disclose known material defects and material nonconformities.

22.

Marylhurst's behavior as alleged in this complaint willfully violated the UTPA, including ORS 646.608(1)(b), (e), (g), (i), and (t), causing students ascertainable loss of their April 2018 tuition payments that they otherwise would not have made.

23.

Marylhurst's behavior as alleged in this complaint was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the rights of plaintiffs and the putative class members to be free from unlawful trade practices. As a result of Marylhurst's violation of the UTPA as alleged above, plaintiffs and all other similarly situated individual consumers are entitled to tuition refunds, punitive damages, and reimbursed litigation expenses, fees and costs under ORS 646.638.

24.

**– Claim 2 for Unjust Enrichment –**

As a matter of justice and equity, Marylhurst should not be able to retain the April 2018 tuition it collected from plaintiffs and the putative class under these circumstances. Plaintiffs and the putative class are entitled to restitution based on Marylhurst's unjust enrichment as alleged in this complaint.

25.

Demand for jury trial.

## PRAYER FOR RELIEF

Plaintiffs seek relief as follows:

A. An order that this case may proceed as a class action and an order that Marylhurst violated the UTPA,

B. An order and judgment in favor of plaintiffs and the class against Marylhurst for damages determined to have been sustained by them, including actual damages, maximum statutory damages, punitive damages, and equitable relief and reimbursement of their litigation expenses, fees and costs,

C. An order and judgment in favor of plaintiffs and the class against Marylhurst for maximum pre-judgment and post-judgment interest, and

D. For any other relief this Court may determine is fair and proper.

May 31, 2018

                                     **RESPECTFULLY FILED,**

                                     s/ Michael Fuller
                                     **Michael Fuller, OSB No. 09357**
                                     Lead Trial Attorney for Plaintiffs
                                     OlsenDaines
                                     US Bancorp Tower
                                     111 SW 5th Ave., Suite 3150
                                     Portland, Oregon 97204
                                     michael@underdoglawyer.com
                                     Direct 503-743-7000

**CLASS ACTION COMPLAINT** – Page 14 of 15

## PROOF OF MAILING

I declare and certify that on the date below I caused a copy of this complaint to be mailed to the following:

> **Ellen Rosenblum**
> **Oregon Attorney General**
> **Oregon Department of Justice**
> **1162 Court Street NE**
> **Salem, Oregon 97301-4096**

May 31, 2018

> <u>s/ Michael Fuller</u>
> **Michael Fuller, OSB No. 09357**
> Lead Trial Attorney for Plaintiffs
> OlsenDaines
> US Bancorp Tower
> 111 SW 5th Ave., Suite 3150
> Portland, Oregon 97204
> michael@underdoglawyer.com
> Direct 503-743-7000